# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE BETANCO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | Case No. EDCV 17-1709 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.
## INTRODUCTION

Marlene Betanco ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying her application for disability benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of

the Commissioner is REVERSED and REMANDED for further administrative proceedings consistent with this decision.

## II.

### THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do

3

so by the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and non-exertional limitations, the Grids are inapplicable and the ALJ must take VE testimony. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## III.

## THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process to determine whether Plaintiff was disabled. The ALJ agreed that Plaintiff did not engage in substantial gainful activity since November 21, 2013, the application date. (AR 19). The ALJ found that Plaintiff suffered from medically determinable severe impairments consisting of status post acetabular fracture and internal fixation of the left hemipelvis; degenerative disc disease of the lumbar and cervical spines; osteoarthritis of the left hip; lumbar musculoligamentous strain; obesity and diabetes mellitus. (AR 19). The ALJ determined that Plaintiff did not meet or equal any "listed" impairment. (AR 19). The ALJ assess Plaintiff as retaining the residual functional capacity to perform the demands of light work except with the following additional limitations:

> She can lift and carry 20 pounds occasionally and 10 pounds frequently; she can push and pull with her upper and lower extremities on an occasional basis; she can

4

walk and stand for 2 hours in an 8-hour day; she can sit
for 6 hours in an 8 hour day; and she can bend, crouch,
stoop, crawl, walk on uneven terrain, climb ladders, and
work at heights on an occasional basis.

The ALJ compared the residual functional capacity to the demands of Plaintiff's past relevant work as a day worker and determined that Plaintiff could not perform that kind of work. (AR 23). The ALJ found that Plaintiff was a younger individual, age 18-49, on the date the application was filed. (AR 24). However, Plaintiff changed age category, to "closely approaching advanced age," on the alleged onset date. (AR 24). The ALJ accepted the vocational expert's testimony that an individual of Plaintiff's age, education, work experience, and residual functional capacity could perform the work of small products assembler, II, toy assembler, and small products assembler 1. (AR 24). Accordingly, the ALJ concluded that Plaintiff did not suffer from a disability between November 21, 2013 and the date of the decision. (Id.).

## IV.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set the decision aside when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097). "Substantial evidence is more than a

5

scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1997)).

To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for the Commissioner's. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**V.**

**DISCUSSION**

Plaintiff sets forth the issue before the Court as follows: "The issue is whether the ALJ properly determined that Betanco's residual functional capacity findings would allow Betanco to perform light work, or if the limitations would be more consistent with sedentary work. Specifically, Plaintiff contends that the ALJ's RFC includes lifting restrictions that are consistent with

light work, but standing and walking requirements that are more consistent with sedentary work. (Plaintiff's Memo. at 6-8).

With regards to lifting, the ALJ found Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently. (AR 20). The regulations state that "light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). Accordingly, the ALJ's lifting restrictions are consistent with the requirements for light work.

With regards to standing and walking, the ALJ found that Plaintiff can walk and stand for 2 hours in an 8 hour day. (AR 20). Social Security Ruling 83-10 states that light work generally involves standing or walking off and on for a total of approximately six (6) hours of an 8-hour workday. This standing and walking requirement would exceed the amount the ALJ found Plaintiff capable of in his RFC conclusion.

The regulations, in describing sedentary work, state: "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally . . ." 20 C.F.R. §416.967(a). However, a Social Security ruling has further clarified the amount of standing and walking in a sedentary job: "the total amount of standing and walking involved in sedentary work should not exceed about two hours of an eight-hour day." SSR 83-10. Thus, the ALJ's

restriction on standing and walking is more consistent with a sedentary job. Plaintiff's RFC, therefore, falls between two exertional levels, i.e., between light and sedentary.

Social Security Ruling 83-12 provides guidance for situations where an exertional level falls between two rules:

> If the exertional level falls between two rules which direct opposite conclusions . . . consider as follows: a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled." B. On the other hand, if the exertional capacity is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of "Disabled." C. In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, VS [vocational specialist] assistance is advisable for these types of cases.

SSR 83-12.

Plaintiff contends that Plaintiff's RFC is "far more consistent with sedentary work" and cites McClure v. Comm'r of Soc. Sec., 2016 WL 4628049, at * 7 (S.D. Cal. August 9, 2016). In McClure, the claimant also received an RFC that included limitations on standing and walking to no more than 2 hours in an 8 hour day, again a limitation more consistent with sedentary work. The ALJ found that this limitation was more consistent with sedentary work and also questioned whether someone with this walk/stand limitation could really perform the exertion required for light work. Id. at 7; see also Campbell v. Astrue, 2010 WL 4689521 at *1, *3 (E.D. Pa. Nov. 2, 2010) (finding that claimant with standing and walking limitations of no more than one to two hours in a work day would not be capable of lifting 20 pounds with frequent lifting); Wilkerson v. Comm. Of Social Security, 278 F. Supp. 3d 956, 971 (E.D. Mich. 2017) (requiring remand when ALJ's decision contained "inherent contradictions" and following McClure and Campbell).

This Court agrees with the reasoning of the McClure and Campbell decisions, and finds those decisions particularly helpful here as the RFCs of the McClure and Campbell plaintiffs are similar to the RFC at issue in the present case. Defendant cites to Lopez v. Colvin, 2016 WL 429783 (C.D. Cal. Feb. 3, 2016), and argues that this Court should follow the reasoning of Lopez. However, the Lopez decision fails to directly address the problem of finding that someone can lift 20 pounds with frequent lifting while also finding that the individual cannot stand or walk more than 2 hours in a day. This conflict was noted in McClure and Campbell, but overlooked in Lopez.

1   Furthermore, the Lopez decision implies that the court was
2   suspicious of the stated limitations for the plaintiff regarding
3   standing or walking, as the Lopez decision specifically points out
4   that the plaintiff was capable of riding his bicycle as well as
5   moderate to strenuous exercises five days a week. (Lopez at * 3-4).
6   The Lopez court upheld the ALJ's rejection of the plaintiff's
7   contention that the RFC should have included a limitation that the
8   plaintiff needed a walker for mobility on the grounds that the ALJ
9   correctly rejected Plaintiff's credibility on that issue. These
10  findings would support a conclusion that the Lopez plaintiff, despite
11  the standing and walking limitation in his RFC, was capable of light
12  work. No similar finding exists in the present case.

14    The VE's testimony here is also problematic. The ALJ presented
15  the following hypothetical:

17        [Assume] an individual with the claimant's
18        education, work history and skills; assume that the
19        individual would have a limited range of light; could
20        lift, carry -- lift and carry 20 pounds occasionally and
21        10 pounds frequently; could push and pull on an
22        occasional basis; can walk and stand two ours out of an
23        eight-hour day; can sit for about six hours of an eight-
24        hour day; can bend, crouch, stoop and crawl occasionally;
25        can walk on uneven terrain occasionally; can climb
26        ladders and work at heights occasionally.

28  (AR 47-48).

The VE testified that the hypothetical person could not perform Plaintiff's past relevant work. (AR 48). The ALJ then asked "Would there be any significant number of jobs in the light category that could be performed?" The VE responded as follows:

> There would be some production-type positions that fall under the light category, but would not exceed the standing and walking. An example would be small products assembler II, DOT Code 739.687-030, that work is light, unskilled with an SVP of 2, I would erode the number of those jobs by 80% to leave only those where someone was either seated at a table or a bench where they could use a stool, that would leave 16,000 positions nationally. There would be, let's see, work as a toy assembler DOT Code 731.687-034, that work is light, unskilled with an SVP of 2, I would again erode by 80%, which would be 10,000 positions nationally. There would be work as a small products assembler I, the DOT code 706,684-022, that work is light, unskilled with an SVP of 2, eroding by 80% would leave 7,200 positions nationally.

(AR 48-49).

The ALJ responded:

> Thank you. Again, I'm not going to ask if anything is sedentary because she GRIDS out.

(AR 49).

While the vocational expert identified a subset of the three occupations which involve being seated for most of the day, it is unclear if these positions truly constitute light work or are they more properly described as sedentary work. If they are truly sedentary work, then Plaintiff is entitled to benefits under the grids. Neither the VE nor the ALJ addressed this question.

In a disability benefits case, "[r]emand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). In contrast, "remand for an immediate award of benefits [is appropriate] if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (the "Harman test").

\\
\\
\\
\\
\\
\\
\\
\\
\\

# VI.
## CONCLUSION

Accordingly, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 19, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**